## THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY McKENZIE, Appellant, *v.* THE BOARD OF SUPERVISORS OF CATTARAUGUS COUNTY, Respondent.

*Appointment of papers in which to publish the session laws — chap.* 280 *of* 1845,. *as amended by chap.* 215 *of* 1870 — *Board of supervisors act judicially.*

When appointing newspapers in which to publish the session laws, under chapter 280 of 1845, as amended by chapter 215 of 1870, the board of supervisors acts judicially in determining whether the two papers receiving the highest and the next highest number of votes are of opposite politics, and fairly repre-- sent the two principal political parties into which the people of the county are- divided ; and the fact that at the general election preceding the appointment,. some of the candidates of a third party received more votes than the candi-- dates of the party represented by the paper having next to the highest number- of votes is not necessarily controlling, and does. not authorize a *mandamus* compelling the board of supervisors to designate, as one of such papers, the one which represents such third party.

Appeal from an order made at Special Term, denying a. motion for a *mandamus* directing the respondents to reassemble and designate the newspapers to publish the session laws as. required by law.

*M. A. Dodge,* for the relator. When the facts are undisputed, the board of supervisors has no discretion, and if their acts are illegal, and not in conformity to the law, the courts will by *man-damus* compel them to act legally. (*People ex rel.* v. *The Board of Supervisors of Cortland Co.,* 58 Barb., 139; *People ex rel.* v. *Supervisors Delaware Co.,* 9 Abb. [N. S.], 408; *People ex rel.* v. *Supervisors Herkimer Co.,* 56 Barb., 452; *People ex rel. Super-visors Otsego Co.,* 53 id., 564; *S. C.,* 51 N. Y., 401, 404; *People*

12   THE PEOPLE ex rel. McKENZIE v. SUPERVISORS.

FOURTH DEPARTMENT, OCTOBER TERM, 1879.

*ex rel.* v. *The Board of Supervisors of Herkimer Co.*, 56 id., 455; *People ex rel. Sinnot* v. *Shea*, 7 Hun, 304; *People ex rel.* v. *Supervisors of Sullivan Co.*, 56 N. Y., 254.)

*Allen & Thrasher*, for the respondent.   Where there is a discretion vested in a board of public officers, and such discretion has been reasonably exercised, the court will not interfere by *mandamus.*   . (*People* v. *Sexton*, 37 Cal., 532; *People* v. *Dowling*, 55 Barb., 197; *State* v. *Judge*, 2 La. Ann., 116; *State* v. *Judge*, 24 Mich., 408; *Mayor* v. *Rainwater*, 47 Miss., 547; *Weeden* v. *Town Council*, 9 R. S., 128; *People* v. *Contracting Board*, 46 Barb., 254; *Press Association* v. *Nichols*, 45 Vt., 7; *People* v. *Contracting Board*, 33 N. Y., 382; *State* v. *Board of Education*, 24 Wis., 583; *People* v. *Croton Aqueduct Board*, 49 Barb., 259; *People* v. *Contracting Board*, 27 N. Y., 378; *People* v. *Fay*, 3 Lans., 398; *People* v. *Supervisors*, 45 N. Y., 196; *Tuolumne* v. *Stanislaus Co.*, 6 Cal., 440; *People* v. *Supervisors*, 11 id., 42; *People* v. *Supervisors*, 18 How., 461.)

SMITH, J. :

Section 3 of chapter 280 of the Laws of 1845, as amended by chapter 215 of the Laws of 1870, makes it the duty of each board of supervisors in the several counties of this State, at their annual meeting, to appoint the printers for publishing the laws in their respective counties, in the following manner : " Each member of the board shall designate by ballot one newspaper printed in the county to publish the laws, and the paper having the highest number of votes, and the paper having the next highest number of votes, shall be the papers designated for printing the laws, provided such papers are of opposite politics, and fairly represent the two principal political parties into which the people of the county are divided."

At their annual meeting in November, 1878, the board of supervisors of Cattaraugus county, designated by the highest number of votes, the " Randolph Register," and by the next highest number, the " Cattaraugus Union," as newspapers to publish the session laws.   The first named newspaper represented the Republican party, and the last named the Democratic party.   It

is not claimed by the relator but that the designation of the Republican newspaper was regular, but it is claimed that instead of designating a Democratic paper, the board should have designated one of the three newspapers in said county which represented the "National Greenback" party, as one of the newspapers to publish the session laws.

This claim is based mainly upon the fact that at the general election, held in said county shortly before the action of the board was had, more votes were given for the greenback candidates, in some instances, than were received by the Democratic candidates for the same offices, and that in respect to some of the local offices the Democrats made no separate nominations, but indorsed the greenback candidates and generally voted for them.

Even if the evidence derived from the canvass were to govern, it is by no means of a decisive character, inasmuch as the majorities were not large as between the greenback and Democratic candidates, and in one instance the majority was on the side of the Democrats. Still, the results of the canvass were undoubtedly proper to be considered by the board in deciding which were the two principal parties in the county, but they were not necessarily controlling. The statute has not made the canvass a test by which the question is to be determined. The Legislature has committed the question to the decision of the board, and in deciding it the members of the board act judicially, and they may consider not only the number of votes cast at the next preceding election, but also all other facts within their knowledge bearing upon the question. The board having acted in the matter and determined the question, a *mandamus* will not lie to compel a reversal of their judgment. (*The People ex rel. Opdyke, Mayor*, etc., v. *Brennan, Comptroller*, etc., 39 Barb., 651; *Francis* v. *Common Council of Troy*, 20 Alb. L. J., 269.)

The order appealed from should be affirmed, with ten dollars costs and disbursements.

TALCOTT, P. J., and HARDIN, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.